UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

DAVID THOMAS GUMUSKI, a/k/a "Flip,"
a/k/a "Big Brother,"

        Defendant.
_____/

Case No.: 2:20-cr-14

Hon. Paul L. Maloney
U.S. District Judge

Hon. Maarten Vermaat
U.S. Magistrate Judge

## GOVERNMENT'S MOTION FOR DETENTION

### SECTION I

The United States Attorney moves for pretrial detention of the defendant on the basis that this case involves (choose at least one of the following):

BASIS FOR DETENTION HEARING - § 3142(f)(1)

_____ 1. a crime of violence.

_____ 2. an offense for which the maximum sentence is life imprisonment or death.

__X__ 3. an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801, *et seq.*).

_____ 4. any felony that was committed after the defendant had been convicted of two or more prior federal offenses described in paragraphs 1-3 above or comparable state or local offenses.

BASIS FOR DETENTION HEARING - § 3142(f)(2)

__X__ 5. a serious risk that the defendant will flee.

  **X**  6.      a serious risk that the defendant will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, a prospective witness or juror or attempt to do so.

### REBUTTABLE PRESUMPTION OR DANGEROUSNESS - § 3142(e)

_____ 7.    In support of his motion, the United States Attorney further states that the offense with which the defendant is charged is an offense described in paragraphs 1-4 above; the defendant has previously been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) described in paragraphs 1-4 above, which was committed while the defendant was on release pending trial for a federal, state or local offense; and a period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense of which the defendant was previously convicted.

### REBUTTABLE PRESUMPTION OF DANGEROUSNESS/FLIGHT RISK - § 3142(e)

  **X**  8.    In support of his motion, the United States Attorney further states that there is probable cause to believe that the defendant has committed the offense with which he is charged and that it is an offense:

      **X**  A.    for which a maximum term of imprisonment of ten years or more is prescribed in Controlled Substances Act (21 U.S.C. § 801, *et seq.*).

      _____ B.    under 18 U.S.C. § 924(c), 956(a), or 2332b involving the use or carrying of a firearm.

      _____ C.    an offense involving a minor victim under section 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425 of title 18.

### CONTINUANCE - § 3142(f)(2)

  **X**  9.    The United States Attorney moves for a continuance of 3 days to hold a detention hearing.

_____ 10.    The United States Attorney moves for a medical examination of defendant during the continuance to determine whether defendant is a narcotics addict.

SECTION II

TEMPORARY DETENTION PURSUANT TO § 3142(d)]

The United States Attorney moves for temporary detention of the defendant for ten (10) days to permit revocation of conditional release, deportation, or exclusion, because the defendant may flee or pose a danger to another person or the community, and because defendant:

    1.    is, and was at the time the offense was committed, on

        A.    release pending trial for a felony, or

        B.    release pending appeal, or imposition, execution, or completion of sentence, or

        C.    probation or parole, or

    2.    is an alien not admitted to the United States for permanent residence.

Respectfully submitted,

ANDREW BYERLY BIRGE
United States Attorney

Dated:   October 2, 2020

/s/ *Theodore J. Greeley*
THEODORE J. GREELEY
Assistant United States Attorney